IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLEN E. HARPER,                    *

Petitioner,                         *

v.                                  *        Civil Action No. GLR-17-2057

UNITED STATES OF AMERICA,           *

Respondent.                         *
                                  *****

# MEMORANDUM OPINION

On July 24, 2017, Allen E. Harper, a resident of Baltimore, Maryland filed a Petition for Writ of Error Coram Nobis (ECF No. 1) under the All Writs Act, 28 U.S.C. §§ 1651 et seq. (2012), Motion for Leave to Proceed to Proceed In Forma Pauperis (ECF No. 2), and Motion for a Hearing (ECF No. 3). Harper seeks to set aside his 1981 federal conviction based upon alleged ineffective assistance of counsel and the actions of the presiding judge, which he contends were inappropriate, an abuse of authority, and denied him his right to a fair trial. The Petition was instituted as the above-captioned case. The Motion for Leave to Proceed In Forma Pauperis shall be granted. For the foregoing reasons, the Petition shall be dismissed and the Motion shall be denied.

According to the criminal docket in United States v. Harper, Criminal No. R-81-207, on April 28, 1981, Harper was indicted on counts of bank robbery, bank larceny, assault during robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a), (b), (d), (f),

and 2.  (Pet. Exs. at 24, ECF No. 1-2).  A jury found Harper guilty on all counts.  (Id. at 27). In September 1981, Harper was sentenced to a twenty-five-year term of imprisonment.  (Id.) In May 1983, the United States Court of Appeals for the Fourth Circuit affirmed the judgment.  (Id. at 28).  On February 22, 1985, the Court denied Harper's 28 U.S.C. § 2255 Motion to Vacate.  (Id. at 29).  The Fourth Circuit affirmed in October 1985.  (Id.).

Harper asks that his 1981 criminal judgment be set aside because his defense counsel was ineffective and because the trial judge abused his authority, due in part to an alleged personal relationship with Irvin Kovens, a Baltimore businessman.[1]  (ECF Nos. 1, 1-1).

The Writ of Error Coram Nobis is an extraordinary remedy which may be used to correct a fundamental error in a criminal conviction "presenting circumstances compelling its use to achieve justice."  United States v. Denedo, 556 U.S. 904, 911 (2009) (internal quotation marks omitted); see also United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012).  Relief is limited to those petitioners who are no longer in custody pursuant to their convictions, see Carlisle v. United States, 517 U.S. 416, 429 (1996), or for whom relief is no longer available by way of an alternative remedy, such as habeas corpus, see Denedo, 556 U.S. at 911; Akinsade, 686 F.3d at 252.  Although federal courts may grant relief from a

---

[1] As exhibits, Harper presents: newspaper articles and state court docket entries from the mid-1970s regarding criminal charges and police protection related to a "store theft scheme" involving Kovens' furniture and appliance store; the United States District Court criminal docket involving mail fraud charges filed against former Maryland Governor Marvin Mandel, Irvin Kovens, and others in 1975; and the United States District Court

conviction by way of coram nobis after a petitioner has completed the sentence at issue, see 28 U.S.C. § 1651 (2012); United States v. Morgan, 346 U.S. 502, 512–13 (1954), the Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." Carlisle, 517 U.S. at 429.

To be entitled to coram nobis relief, a petitioner must demonstrate that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Bereano v. United States, 706 F.3d 568, 579 (4th Cir. 2013) (quoting Akinsade, 686 F.3d at 252); United States v. Bazuaye, 399 F.App'x 822, 824 (4th Cir. 2010) (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)).

To obtain relief on a writ of error coram nobis, a petition "must show" that "valid reasons exist for not attacking the conviction earlier." Akinsade, 686 F.3d at 252. Courts have allowed significant delays when there was no way the petitioner could have known of the error. See id. (granting writ of coram nobis when the petitioner inquired about the consequences of a guilty plea on his immigration status, was advised there would be no effect, and pleaded guilty, but nine years later, deportation procedures started based off that

---

criminal docket involving the charges filed against Harper in 1981. (ECF No. 1-2).

guilty plea); see also Bereano, 706 F.3d at 576 (permitting a nineteen-year delay in filing a petition for writ of coram nobis because the petition was filed one year after the U.S. Supreme Court declared unconstitutional the law petitioner was convicted under ). Absent a valid reason, courts do not permit a coram nobis petition to proceed after significant delay. See United States v. Longshore, 644 F.Supp.2d 658, 663 (D.Md. 2009) (allowing a six-month delay because of attorney error); Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (defendant not eligible for coram nobis relief because he failed to demonstrate sound reasons for delay of nearly five years after entering guilty plea). Here, construing Harper's petition liberally, Harper alleges that he found out about the judicial misconduct in 2011. (Pet. ¶ 6, ECF No. 1). Harper offers no viable reasons why he now brings his Petition six years later. Harper's Petition could, therefore, be denied on timeliness grounds alone.

Even assuming, without deciding, that Harper, for a valid reason, did not attack his convictions earlier, his conclusory arguments regarding ineffective assistance of counsel and his allegations of judicial misconduct do not show the exceptional grounds that warrant the grant of coram nobis relief. Harper alleges that he worked and performed various tasks and functions for Irvin Kovens' furniture and appliance store and for Kovens' "political machine." (Harper Aff. ¶ 3, ECF No. 1-1). He further alleges that the trial judge, the Honorable Norman P. Ramsey, was Kovens' attorney when Kovens was convicted along with former Governor Marvin Mandel and others in a political corruption trial in the 1970s.

4

(Id. ¶ 8).  Harper contends that Judge Ramsey abused his authority when entering rulings in his 1981 criminal case involving the bank robbery, bank larceny, and assault because he had previously represented Kovens.  (Pet. ¶ 7).  Harper fails to explain the connection between his work for Kovens, Judge Ramsey's representation of Kovens in Kovens' political corruption trial, and Harper's 1981 convictions.

In short, there is no basis to issue the extraordinary relief contemplated by Harper's Petition.  Accordingly, the Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) shall be granted, the Petition for Writ of Error Coram Nobis (ECF No. 1) shall be dismissed and the Motion for a Hearing (ECF No. 3) shall be denied as moot.  A separate Order follows. Entered this 25th day of September, 2017.

/s/
_____
George L. Russell, III
United States District Judge